Allen, J.
after stating the case .said, The bond contained all that was requisite for the protection of the claimant of the property, and the obligors could not have objected in a suit by him against them, that the law required additional covenants for the benefit of others, which were omitted. The covenants contained in the condition, were such as the law required, as far as relates to the parties in this suit, and fully provided for the indemnity of the claimant of the property. The omission of further covenants, was for the benefit of the obligors, but did not affect their liability to the owner of the property. The act of 1828 contains no repealing clause, and is not inconsistent with the previous law; the sheriff would be responsible to the purchaser for the omission, but that would not render the bond void.
It would seem from the abstract of the reporter, that it is supposed this court has decided in the case of Dabney v. Catlett, 12 Leigh 383, that a bond which does not contain this additional covenant, is not a good statutory bond for any purpose ; and therefore could furnish no protection to the sheriff against the action of the claimant of the property. That was a proposition insisted on by the appellant’s counsel in that case, for the purpose of his argument; but no such decision was made, or intended to be made by the court. That was a suit instituted by the sheriff, upon a bond of indemnity similar to the one under consideration. The declaration after setting out the condition, charged that the *285 claimant of the property had sued the sheriff, and recovered damages from him ; which he was seeking to recover from the obligors. There was a general demurrer to the declaration, which was sustained by the court below. This court reversed the judgment., overruled the demurrer, and remanded the case. No reasons were given, but it is apparent that, whether the bond was good as a statutory, or a common law bond, the demurrer should have been overruled. If good as a statutory bond, as I think it was, so far as the claimant of the property was concerned, that did not deprive the sheriff of his remedy on it. The law permitting the sheriff to require a bond of indemnity, was in ease of the sheriff; to relieve him from the responsibility which at common law rested on him. It is to be made payable to him, and is to contain a provision for his indemnity. Unless the act had contained a provision, authorizing a third person to put it in suit in the name of the sheriff, he alone could have sued upon it. When he has taken a good bond, the law protects him from the action of the party claiming the property, unless the securities in the bond become insolvent. But this is matter of defence, which the sheriff may rely on or not, at his election; and his failure to set it up in a suit against him by the claimant of the property, does not change or diminish the liability of the obligors in the bond. They are bound to indemnify the sheriff, as well as to pay the claimant of the property any damages he may sustain. When the claimant recovers his damages from the sheriff, they are damages sustained by the sheriff in consequence of the seizure and sale of the property, for which the obligors are bound to indemnify him. Any other construction would render the condition to indemnify the sheriff himself supererogatory. The court, therefore, without entering into the question whether the bond was a good statutory or common law bond, because it did not arise in the case, held that the action could be maintained.
*286 I think the bond was a good statutory bond as respects the claimant of the property, and when relied on by the sheriff barred the action; and, therefore, that the court erred in excluding it from the jury.
The other judges concurred. Judgment reversed, and the cause remanded for new trial.